the complainant, and claims the obligations to be his own property, as the intestate had paid sundry sums for Pease: it also insists that the demand is a stale one.

*Webb* and *P. Hitchcock,* for the complainants.

*Newton* and *Perkins,* for the defendants.

By THE COURT.   It appears that sundry demands were given to Phelps, to indemnify him for going security, under an agreement, that if Phelps had to pay, the demands should be his own.

It is well settled, that the *property* in a pledge for indemnity, is not changed absolutely by the pledge.   In such cases as in mortgages, the pledgee or mortgagee is held subject to account, whatever may be the *form* of the contract.   Such is the *apparent* right of the complainant here.

It is said the claim is a stale one, and is within the equity of the statute of limitations.   That statute does not apply between a trustee and a *cestui que trust,* which is the case before us.   The case is one of trust property in the hands of the defendant's intestate, and seems a proper one for an account before a master, where the claims can be examined; and it is referred to a master for account.

---

TEAR *v.* MATHEWS.

1 w 371
51   35

Resulting trust—voluntary conveyance—cloud upon title prevented as well as removed.

Where one buys land for another and with his money, and the deed by mistake is made the agent purchasing instead of his principal, the agent may afterwards convey to his principal without consideration, and though he be embarrassed at the time, the conveyance is good.

A levy upon a man's real estate as the property of another, and the proceeding to sell at the sheriff's sale, is calculated to embarrass and throw a cloud over the title, and will be enjoined in chancery.

In Chancery.   The complainant alleges that he is the owner, and is in possession of a lot of land, which the defendant claims to belong to another person, and has levied upon the property of another, and is about to sell as such, which will embarrass his title.   He prays an injunction.   The defendant admits the levy and the complainant's possession, but claims that the conveyance to the complainant is fraudulent.

*J. H. Paine,* for the complainant.

*P. Hitchcock* and *S. Mathews,* for the defendant.

[Chappell *v.* Phillips.]

By the Court. It appears that the purchase of this property. was made by William Tear, for *John, and paid for with John's money,* but because the deed was drawn by mistake to *William,* the purchaser, to avoid the trouble of drawing a new deed, accepted it, and William afterwards conveyed to John, without *pay.* William being in debt, it is claimed the conveyance is fraudulent and void. The parties are ignorant foreigners. We see no evidence of fraud on the part of the complainant, or any thing to warrant the defendant's levy. The proceeding by the defendant is calculated to cloud and embarrass the title of the complainant, and may be restrained upon the authority of several decisions, as well as enjoined; 3 *O. R.* 216; 5 *O. R.* 267. We find the land the property of the complainant, and perpetually enjoin the defendant from proceeding against it upon his levy.